## Julia Langguth, Appellee, v. Village of Glencoe, Appellant.

### Gen. No. 15,460.

1. PLEADING—*when error in date as alleged in declaration not fatal.* In an action for personal injuries resulting by falling upon a sidewalk, if the declaration alleges the accident as June 14, 1906, and the service of notice on December 10, 1907, when the former date should have been 1907, the error is not fatal.

2. STATUTE OF LIMITATIONS—*when new cause of action not set up.* Held, that the correction of the date mentioned in the preceding paragraph of syllabus did not constitute the setting up of a new cause of action.

3. NOTICES—*propriety of commencing suit before serving notice upon municipality.* If the notice required by statute in cases of personal injuries is served in apt time, the prior bringing of suit is immaterial.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed April 18, 1911.

MORTON T. CULVER, for appellant.

MYER S. EMRICH, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellee, Julia Langguth, obtained a judgment in the Superior Court of Cook county against the appellant, Village of Glencoe, for alleged injuries sustained by the plaintiff by reason of falling on an alleged public sidewalk on Green Bay Road in the Village of Glencoe.

The action was commenced August 13, 1907. The original declaration avers that the defendant on the 14th day of June, 1906, was possessed of a certain public sidewalk in the highway known as Green Bay Road, and that it in disregard of its duty in that behalf, wrongfully, carelessly and negligently suffered said sidewalk to remain in bad and unsafe repair and condition, and allowed one of the planks of the sidewalk to be and remain in a loose, rotten and unsafe condition, and that while the plaintiff was walking on the sidewalk in the exercise of all due care and caution for her own safety, she stepped upon the loose and rotten plank, not knowing its condition and it gave way, and in consequence she was thrown upon the sidewalk and suffered permanent injuries.

The declaration also avers that on December 10, 1907, the statement of her claim against the village for damages by reason of the above premises was duly filed with the attorney for the village, and on the 13th day of December, 1907, with the clerk of said village.

Upon the trial of the case it developed that the accident occurred on the 14th day of June, 1907, instead of 1906, and accordingly an amendment by leave of court was made changing the date to correspond with the evidence.

It is contended that the original declaration on its

face did not show a cause of action, and that therefore the court erred in denying the defendant's motion to dismiss the case after the jury had been impaneled. This contention is based upon the fact that the cause was commenced August 13, 1907, and the date of the accident was alleged to have been June 14, 1906, and the notice which was served upon the village attorney and clerk was alleged to have been served on December 10th and 13th, 1907, nearly eighteen months after the date of the alleged accident, while the law required that the notice should be served within six months, and the suit instituted within one year.

We do not think that the error in the date of the accident, as averred in the declaration, was fatal to plaintiff's cause of action, and we think that the declaration stated a good cause of action against the defendant.

It is contended that the amended declaration states a new cause of action, in that it alleges the injury to have occurred on the 14th day of June, 1907, instead of the 14th day of June, 1906. There is no merit in this contention.

It is further urged that the action was commenced before the notice required by law was filed with the village clerk and served upon the attorney for the defendant. We do not think the statute requires that the notice should be served before the suit was commenced. If the notice is served within the time prescribed by the statute, it is sufficient, whether served before or after the suit was commenced.

We do not think the verdict for $1,500 damages for the injuries sustained by the plaintiff is excessive. The evidence shows that the plaintiff was seriously injured.

We find no reversible error in the record and the judgment of the Superior Court is affirmed.

*Affirmed.*